# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SERVICIOS LEGALES DE PUERTO RICO, INC.,<br><br>**Plaintiff,**<br><br>v.<br><br>UNIÓN INDEPENDIENTE DE TRABAJADORES DE SERVICIOS LEGALES, *et al.*,<br><br>**Defendants.** | **Civil No.** 19-1379 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On April 22, 2019, plaintiff Servicios Legales de Puerto Rico, Inc. ("SLPR") filed a verified complaint (Docket No. 1) and moved for a temporary restraining order ("TRO") against defendant Unión Independiente de Trabajadores de Servicios Legales ("Union") and any other persons in active concert or participation with the Union (collectively, "defendants") pursuant to Federal Rule of Civil Procedure 65(b) ("Rule 65(b)"). (Docket No. 4.) For the reasons set forth below, the Court **DISMISSES** SLPR's verified complaint without prejudice (Docket No. 1) and renders SLPR's TRO motion (Docket No. 4) as **MOOT.**

**I. Background**

SLPR and the Union are parties to a collective bargaining agreement ("CBA") that governs SLPR's employees who are

represented by the Union.  (Docket No. 6, Ex. 2.)  The CBA is in force until April 30, 2019.  Id. at p. 9.  Article 7 of the CBA requires that "[a]ll controversies, disputes, and complaints based on the application or interpretation of the provisions of [the CBA]" be resolved through mandatory grievance and arbitration procedures.  Id. at p. 3.  Pursuant to Article 8 of the CBA,

> The Union, therefore, agrees that neither it nor any of the SLPR's workers who are part of the bargaining unit covered by [the CBA] may, collectively, individually, or in concert, dedicate and/or participate, directly or indirectly, in strikes of any nature, slow-down, interruption or work stoppage, picketing, boycott, or any other kind of interference and/or interruption of SLPR's operations and activities, of any Direct Service Center, division, office, warehouse, work unit or special detachment of it.

Id. at p. 8.

On April 22, 2019, SLPR filed a verified complaint to "enjoin defendants' and employees' acts that interfere with plaintiff's operation and other acts that violate" the CBA, pursuant 29 U.S.C. sections 185(a) and 187.  (Docket No. 1 at p. 1.)[1]  The verified complaint maintains that on April 22, 2019, the Union announced it would commence a work stoppage to protest the treatment and termination of workers by SLPR.  (Docket No. 1 at p. 4.)  SLPR alleges that the Union work stoppage commenced on April 22, 2019

---

[1] The Court has federal question jurisdiction to address SLPR's claims pursuant to 28 U.S.C. section 1331.

at 1:00 p.m. at SLPR centers in Ponce and Guayama, Puerto Rico. (Docket No. 4 at pp. 1-2.) According to the verified complaint, the Union President listed SLPR's alleged mistreatment of workers, burdensome job conditions, and employment terminations as reasons for the work stoppage. (Docket No. 1 at p. 4.) The verified complaint states that "SLPR has requested that the Union cease and desist from the activities in question, and publicly call off the sit-in and work stoppage, and resolve all disputes arising under the [CBA] by way of the mandatory grievance and arbitration procedure contained in Article 7 of the [CBA]." Id. The verified complaint contends that SLPR "has resorted to every procedure available under the [CBA] to resolve all arbitrable disputes in order to avoid the need to seek the intervention of the Court," but that "the Union has refused, and continues to refuse, to end its unlawful actions." Id.

Pursuant to the verified complaint, "the delays incident to securing relief from the conduct at issue will result in grave and irreparable damages to SLPR's services before such relief can be obtained." (Docket No. 1 at p. 5.) Namely, the verified complaint maintains that,

> [a]s a direct consequence of defendants' unlawful concerted activities, SLPR will suffer permanent and irreparable damage and injury in the form of lost goodwill, diminished customer confidence with regards to prompt and efficient customer service, probable

Civil No. 19-1379 (FAB)                                              4

> permanent loss of customers, diminished volume of business, loss of revenue, and insurance claims. These losses are estimated to be $25,000 a day.

Id. SLPR alleges that it "has no adequate remedy at law for the injuries already caused and the threat of further injury by defendants' illegal conduct." Id. at p. 6.

## II. Legal Standard

Pursuant to 29 U.S.C. section 185(a), a federal district court may enjoin a concerted activity based on a dispute that is subject to arbitration through a valid CBA. Boys Mkts., Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 254 (1970). In the context of CBA violations,

> [t]hree prerequisites for obtaining injunctive relief must be met: (1) the [CBA] must contain mandatory arbitration procedures; (2) the strike to be enjoined must be over an arbitrable grievance; and (3) "ordinary principles of equity" must warrant the injunctive relief.

Int'l Detective Serv., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Local 251, 614 F.2d 29, 31 (1st Cir. 1980) (citing Boys Mkts., 398 U.S. at 253-54). Courts may enjoin such concerted activity because "[s]triking over an arbitrable dispute would interfere with and frustrate the arbitral processes by which the parties had chosen to settle a dispute." Buffalo Forge Co. v. United Steelworkers of Am., AFL-CIO, 428 U.S. 397, 407 (1976); see Int'l Detective Serv., 614 F.2d at 31-32

(upholding an injunction prohibiting the union from engaging in concerted activities over an arbitral dispute pursuant to a valid CBA).

A TRO "is a provisional remedy imposed to maintain the status quo until a full review of the facts and legal arguments is available." Ginzburg v. Martínez-Dávila, -- F. Supp. 3d --, 2019 WL 1380156, at *2 (D.P.R. Mar. 26, 2019) (Besosa, J.) (quoting Pro-Choice Network v. Schenck, 67 F.3d 377, 389-99 (2d Cir. 1995)). The standard for issuing a TRO is "the same as for a preliminary injunction." Bourgoin v. Sebelius, 928 F. Supp. 2d 258, 267 (D. Me. 2013). Preliminary injunctive relief relies on the following four factors:

> (i) the likelihood that the movant will succeed on the merits; (ii) the possibility that, without an injunction, the movant will suffer irreparable harm; (iii) the balance of relevant hardships as between the parties; and (iv) the effect of the court's ruling on the public interest.

Coquico, Inc. v. Rodríguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009) (citation omitted).

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (citation omitted). Granting a preliminary injunction or TRO is "a matter for the discretion of the district court and is reversible, of

course, only for an abuse of discretion." Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981) (citation omitted). The plaintiff shoulders the burden of establishing whether a TRO is warranted. Peoples Fed. Sav. Bank, 672 F.3d at 9.

**III. Discussion**

Several internal inconsistencies between SLPR's verified complaint and TRO motion reveal that both filings were entirely copied and pasted from the amended verified complaint and memorandum of law submitted in P.R. Tel. Co. v. Unión Indep. de Empleados Telefonicos, No. 10-1054 (D.P.R. Jan. 27, 2010) (Domínguez, J.). Compare Docket Nos. 1 & 4 with P.R. Tel. Co., No. 10-1054, Docket No. 1 & Docket No. 1, Ex. 1. SLPR's motion for a TRO names the "Puerto Rico Telephone Co." instead of SLPR in several locations throughout the legal memorandum (Docket No. 4 at pp. 2 & 9), and many portions of SLPR's pleadings describe qualities or harms relevant to a corporate business entity, rather than a legal services provider. See Docket No. 1 at p. 5.

Like the other portions of SLPR's filings, the statement of facts and irreparable harm alleged in SLPR's verified complaint and TRO motion are nearly verbatim copies of the facts and injuries alleged in P.R. Tel. Co., No. 10-1054, Docket No. 1 & Docket No. 1, Ex. 1. For example, SLPR's verified complaint states that SLPR

will suffer irreparable harm "in the form of lost goodwill, diminished customer confidence with regards to prompt and efficient customer service, probable permanent loss of customers, diminished volume of business, loss of revenue, and insurance claims." (Docket No. 1 at p. 5.) Not only is this language identical to that used in P.R. Tel. Co., No. 10-1054, Docket No. 1, but also the description reflects potential injuries to a corporate business entity, not a legal services provider.

The Court declines to overlook these flagrant errors and refuses to rely on the veracity of the facts and harm alleged in SLPR's submissions. This attorney work product is unacceptable, demonstrates a lack of professionalism on the part of counsel and the firm that employs him, and undermines the integrity of the Court. Accordingly, the Court **DISMISSES** SLPR's verified complaint without prejudice (Docket No. 1) and renders SLPR's TRO motion (Docket No. 4) as **MOOT.**

**IV. Conclusion**

For the reasons set forth above, SLPR's verified complaint (Docket No. 1) is **DISMISSED WITHOUT PREJUDICE**, and SLPR's motion for a TRO (Docket No. 4) is **MOOT**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 25, 2019.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE